Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4030 | **DATE** | 8/13/2004 |
| **CASE TITLE** | Jerry Strawhorn vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Strawhorn's Petition is denied with prejudice except for his Blakely/Booker Claim, which is denied without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 1 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 33 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| WAP | courtroom deputy's initials | 2004 AUG 13 PM 3:18 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
                                              FILED
        IN THE UNITED STATES DISTRICT COURT   AUG 1 3 2004
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                 EASTERN DIVISION           JUDGE HARRY D. LEINENWEBER
                                             U.S. DISTRICT COURT JUDGE
```

JERRY STRAWHORN,

          Petitioner,

    v.                           Case No. 03 C 4030

UNITED STATES OF AMERICA,       Hon. Harry D. Leinenweber

          Respondent.            DOCKETED

                                                    AUG 1 6 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Jerry Strawhorn (hereinafter, "Strawhorn"), pro se, petitions the Court under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his sentence.

### I. BACKGROUND

On May 9, 1997, a jury convicted Strawhorn on all counts relating to his involvement with the Gangster Disciples (the "GDs") street gang, including drug conspiracy charges pursuant to 21 U.S.C. § 846, and operating a continuing criminal enterprise pursuant to 21 U.S.C. § 848. On July 9, 1998, the Court sentenced Strawhorn to numerous concurrent terms of life imprisonment.

On April 12, 2001, Strawhorn appealed to the Seventh Circuit and the District Court's decision was affirmed. Subsequently Strawhorn filed a petition for certiorari with the United States Supreme Court, which was denied on June 28, 2002.

On June 12, 2003, Strawhorn filed his § 2255 petition. Strawhorn's petition puts forth 26 claims. Many of these factual

situations have come up in the habeas corpus petitions of other GDs and the Court has held that these situations did not prejudice the petitioners. Strawhorn does not sufficiently demonstrate why the Court should rule differently here.

Strawhorn's claims can be regrouped around five distinct claims which Strawhorn believes entitle him to relief under § 2255:

1. Strawhorn's trial counsel proved constitutionally ineffective for multiple reasons. This is a multifaceted claim which several distinct errors by trial counsel, including:

> a. failing to notify Strawhorn that she was facing Illinois Attorney Registration and Disciplinary (the "ARDC") charges before the jury's verdict;
>
> b. failing to negotiate a plea for petitioner;
>
> c. misadvising Strawhorn that he must go to trial;
>
> d. misinforming petitioner that taking the stand was his ultimate decision to make;
>
> e. failing to prepare petitioner to take witness stand in his own defense;
>
> f. failing to secure testimony that would have exculpated petitioner from intimidation charges;
>
> g. failing to file particularized motions leading to discoverable evidence;
>
> h. failing to communicate with Strawhorn prior, during, and after trial and before sentencing was imposed;
>
> i. failing to object to misrepresentations in the pre-sentence report;

- 2 -

j.  failing to object to use of intimidation charge to add one point to Strawhorn's Criminal History Score;

k.  failing to discuss pre-sentence report with Strawhorn before his sentencing, in violation of FED. R. CRIM. PRO. 32;

l.  failing to actively participate in compilation of jury instructions;

m.  failing to challenge the allegations based on vicarious liability for acts committed by other gang members;

n.  failing to investigate Strawhorn's financial situation to rebut presumption that Strawhorn derived substantial income from illegal activities; and

o.  failing to submit tapes where Strawhorn's voice was in question to a voice stress analysis to determine true speaker;

2.  Strawhorn's appellate counsel was ineffective for failing to object to ineffective trial counsel;

3.  The Court did not have sufficient evidence to convict Strawhorn of conspiracy pursuant to § 848;

4.  The Court denied him a fair sentence when it used his past convictions for unlawful use of a weapon and intimidation to determine his current sentence; and

5.  Strawhorn was unfairly prejudiced by pre-trial publicity.

## II. STATEMENT OF FACTS

Larry Hoover, Tirenzy Wilson, Gregory Shell, Jerry Strawhorn, Adrian Bradd, Darrell Branch, Andrew Howard, and William Edwards were charged and convicted in 1998 of numerous offenses relating to

their participation in activities of the GDs, a large street gang that sold sizable quantities of cocaine, heroin, and other drugs. In total, the gang's receipts from illegal activity totaled more than $100 million per year. Strawhorn served as a "governor" of the GDs, a rank that placed him in charge of the gang's day-to-day operations in the area surrounding the Chicago Housing Authority apartments at 39th and State Street in Chicago, Illinois.

The government's most important evidence against the GDs came from wiretap surveillance of conversations between the gang's incarcerated "Chairman," Larry Hoover, and his visitors at the Vienna Correctional Center in Vienna, Illinois. The government eavesdropped on these conversations by, pursuant to a valid warrant, concealing a tiny transmitter within the badge each visitor was required to wear at the prison. The government also intercepted telephone conversations that took place at the Shrimp on the Nine restaurant in Chicago, Illinois - again pursuant to a valid warrant.

### III. DISCUSSION

#### A. Standard of Review

Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States . . . may move the court which imposed the sentence to vacate, set aside,

or correct the sentence." To receive relief under § 2255, a prisoner must show a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure."

### B. Ineffectiveness of Trial Counsel

Strawhorn alleges numerous incidents in which he claims he was denied effective trial counsel. To prevail on any of his ineffective assistance claims, Strawhorn must show both that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Strawhorn's begins his multifaceted ineffective assistance of trial counsel argument by expounding his main argument: that his trial counsel proved constitutionally ineffective because she was under investigation on ethics-related charges while representing Strawhorn – and failed to inform Strawhorn of this investigation. However, the fact that a counsel is being investigated does not create a per se inference that he or she is ineffective. Provided that trial counsel remains a member of both the state and federal

bars throughout the duration of representation, a federal habeas petitioner must show "actual errors and omissions" by the trial counsel to obtain relief. United States v. Williams, 934 F.2d 847, 851-52 (7th Cir. 1991). Here, Strawhorn's trial counsel remained a member of both the state and federal bars throughout the time she represented him. Therefore, to establish ineffective assistance, Strawhorn must show actual errors and omissions by his counsel that actually prejudiced the defense. Id. at 852. Accordingly, Strawhorn's primary ineffective assistance claim lacks merit.

The Court similarly analyzes the remainder of Strawhorn's ineffective counsel allegations under the two-pronged Strickland test. In each, the Court notes that – even if Strawhorn can show errors, he cannot demonstrate the second prong of Strickland, requiring prejudice. For instance, although Strawhorn claims that his trial counsel failed to file particularized motions on his behalf that could have led to discoverable evidence, Strawhorn fails to explain what evidence would have allegedly been discovered. Similarly, Strawhorn alleges that his trial counsel failed to investigate Strawhorn's financial position to rebut the presumption that Strawhorn derived substantial income from his illegal activities. However, the government introduced substantial evidence at trial that conclusively proved otherwise – and Strawhorn fails to establish how additional "investigation" by his attorney would have somehow refuted that mountain of evidence. It

is not ineffective assistance of counsel to decline to raise an argument with no hope of success. United States v. Yates, 308 F. Supp. 2d 959, 963 (N.D. Ill. 2002).

Strawhorn further argues that his trial counsel proved constitutionally ineffective in failing to get the Court to exclude the government's evidence obtained from hidden transmitters placed on the visitors' badges of gang members who visited Hoover at the Vienna Correctional Center. Strawhorn contends that the government's collection of this evidence violated his Fourth Amendment rights, and that a competent counsel would have succeeded in getting the Court to exclude them. Strawhorn also argues that the government's reason for the 32-day delay to seal the tapes was not satisfactory as required by 18 U.S.C. § 2518(1)(c), and therefore the evidence from the tapes should be suppressed.

The same challenge that Strawhorn raises with respect to the constitutionality of the government's wiretap has been unsuccessfully fought by Strawhorn's fellow gang members in previous litigation. In each case, the Court found the identical wiretap constitutional. United States v. Jackson, 207 F.3d 910 (7th Cir. 2000); United States v. Hoover, 246 F.3d 1054, 1057 (7th Cir. 2001); United States v. Wilson, 237 F.3d 827, 831 (7th Cir. 2001). Strawhorn provides no argument concerning the wiretap that the Seventh Circuit or this Court has not already considered and rejected.

Nor does Strawhorn raise a legitimate issue concerning the government's delay in sealing the tapes. Strawhorn correctly notes that, in a Seventh Circuit concurring opinion, the Hon. Ilana Diamond Rovner questioned the government's reason for the delay. However, that exact same Seventh Circuit panel rejected imposing any sanction upon the government.

Strawhorn further contends that his trial counsel proved ineffective in facilitating that the jury receive proper instructions. This, Strawhorn believes, denied him due process and a fair trial. Strawhorn insists that if the jury were instructed differently, the outcome would have been different. Strawhorn specifically objects to two jury instructions. The first, the Pinkerton instruction on vicarious liability, has been discussed above and was perfectly appropriate.

The second concerns the Court's failure to properly instruct the jury that, to find a continuing criminal enterprise, it must unanimously agree on at least two specific acts that constitute the series of violations under 18 U.S.C. § 848. Richardson v. United States, 526 U.S. 813, 818, 824 (1999); United States v. Smith, 223 F.3d 554, 567 (7th Cir. 2000). Strawhorn was convicted by a jury on May 7, 1997, nearly two years before Richardson was decided, and thus, two years before this instruction was required. It certainly then did not constitute ineffective counsel for his lawyer to fail to request it. Nevertheless, jury unanimously convicted each of

the defendants of participating in a continuing criminal enterprise based on far more than the required two predicate offenses, each in turn based on substantial evidence proving their occurrence beyond any reasonable doubt. Therefore, the omission of a Richardson instruction - even if improper - did not prejudice Strawhorn.

Strawhorn further claims that his trial counsel acted ineffectively during the instruction conference. Strawhorn argues that his counsel sat silent while his co-defendant's counsel performed all the work and made all the requests. The Court fails to see how this silence prejudiced Strawhorn. In a case with multiple defendants and multiple counsel, Strawhorn had "virtual representation" from the counsel of his co-defendants. Jackson, 207 F.3d at 919. Additionally, Strawhorn does not state what jury instructions his counsel should have requested at this conference, and therefore cannot demonstrate any prejudice.

The remainder of Strawhorn's other ineffective assistance of trial counsel claims are similarly meritless. In none of those claims does Strawhorn come remotely close to meeting the second prong of the Strickland test. Thus, Strawhorn's claims for ineffective assistance of trial counsel all fail.

### C. Ineffectiveness of Appellate Counsel

Strawhorn also contends that his appellate counsel was ineffective. Strawhorn bases this argument entirely on appellate counsel's failure to argue the ineffectiveness of his trial

counsel. Since the Court has already rejected Strawhorn's trial counsel claims, his appellate counsel claims based on those same allegations also fail. United States v. Jackson, 2004 U.S. Dist. LEXIS 6929 at *13 (N.D. Ill. 2004).

### D. Sufficiency of Evidence

Strawhorn asserts several claims alleging that the government put forth insufficient evidence to convict him. These claims include: (1) a claim that the government failed to supply enough evidence to allow a reasonable jury to convict Strawhorn of the conspiracy counts – in particular, a claim that Strawhorn should not be vicariously liable for the acts of other members of the GDs; and (2) a claim that the government failed to prove the substantial income requirement of the continuing criminal enterprise charge.

A petitioner seeking to overturn his conviction based on sufficiency of the evidence grounds faces a heavy burden. In adjudicating these petitions, a court "must uphold a conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Dweck, 913 F.2d 365, 368 (7th Cir. 1990).

Here, concerning Strawhorn's argument regarding whether he should be vicariously liable for the acts of his co-conspirators, the Court notes that Strawhorn has introduced no evidence to counter that brought forth by the government at trial. Under the

doctrine of vicarious liability, "'an overt act of one partner [in a conspiracy] may be the act of all without any new agreement specifically directed to that act." United States v. Pinkerton, 328 U.S. 640, 656-57 (1946). At trial, the government introduced a plethora of evidence that Strawhorn participated in a continuing criminal conspiracy, and that his co-conspirators participated in substantial narcotics trafficking. Based on that evidence, and the Pinkerton doctrine, the jury concluded that "Governor" Strawhorn was liable for the actions undertaken by all the members of the GDs. Strawhorn may dislike the principles of conspiracy law, but that distaste does not warrant this Court overturning fifty years of Supreme Court precedent.

Similarly, as discussed already, Strawhorn introduces no evidence establishing that the jury erred in finding that Strawhorn derived a substantial portion of his income from illegal activities. Strawhorn's professed claim of pre-conviction poverty does not justify this Court overturning the jury's finding based on the wealth of verified evidence admitted at trial. Therefore, Strawhorn's sufficiency of the evidence claims lack merit.

### E. Use of Past Charges When Determining Current Sentence

Strawhorn argues that his prior finding of guilt and court supervision for the unlawful use of a weapon and a past conviction for intimidation should not be held against him when determining his federal sentence.

However, under the federal sentencing guidelines (which, see Section G below, remain applicable to Strawhorn's conviction), a defendant receives one point when the defendant pleads guilty to the unlawful use of a weapon and receives court supervision. United States v. Ruiz, 734 F. Supp. 312, 314 (N.D. Ill. 1990). Likewise, a conviction for intimidation also adds points for purposes of determining a defendant's criminal history calculation. United States v. Unthank, 109 F.3d 1205, 1209 (7th Cir. 1997) (an Illinois intimidation offense is a "crime of violence" as a matter of federal sentencing law); United States v. Ryan, 214 F.3d 877, 879-81 (7th Cir. 2000)(court held that past convictions can be used in a defendant's criminal history calculation). Strawhorn pleaded guilty to the use of a weapon, receiving court supervision, and was convicted of intimidation. Therefore, his claim that these prior convictions should not have factored into his sentence lacks merit.

### F. Unfairly Prejudiced by Pretrial Publicity

The record indicates that the Chicago Sun-Times published information that Strawhorn had been convicted of witness tampering. Strawhorn alleges that this leak came from Assistant United States Attorney David Styler and was motivated by his desire for career advancement. Strawhorn further contends that this leak to the press interfered with the fair administration of justice. Strawhorn wants an evidentiary hearing to determine the nature of the breach and the extent of the prejudice because of this leak.

In 1997, Strawhorn filed a motion instanter to dismiss the indictment because of inflammatory and prejudicial pretrial publicity, and the Court ruled that Strawhorn was not prejudiced by the leak of this information. United States v. Hoover, 1997 WL 80947 at *4 (N.D. Ill. 1997). Strawhorn does not provide us with any evidence to question the previous decision of the Court. An evidentiary hearing is therefore unnecessary.

### G. Affect of Blakely and Booker on Strawhorn's Sentence

While Strawhorn's petition was pending, the Supreme Court declared that Washington's state sentencing guidelines violated defendants' Sixth Amendment's right to a trial by jury. Blakely v. Washington, ____ U.S. ____, 124 S. Ct. 2531 (2004). Following, Blakely, the Seventh Circuit held the United States Federal Sentencing Guidelines – under which Strawhorn was sentenced – unconstitutional. United States v. Booker, ____ F.3d ____, 2004 WL 1535858 at *1, (7th Cir. 2004). In reaction, Strawhorn filed a supplemental motion asking this Court to consider the application of Blakely and Booker to his petition.

Unfortunately for Strawhorn, the Seventh Circuit has already rejected extending the holding of Booker to cases up on collateral review pursuant to § 2255. Simpson v. United States, ____ F.3d ____, 2004 U.S. App. LEXIS 14650 at *7 (7th Cir. 2004). Simpson did however dismiss its petitioner's Blakely/Booker argument without prejudice, noting that the Supreme Court has yet to decide

whether or not Blakely applies to habeas petitions. See id. Therefore, Strawhorn's Blakely argument is denied without prejudice, to be refiled only if the Supreme Court announces that Blakely also applies to cases on collateral review.

### IV. CONCLUSION

Strawhorn raises numerous other claims, each without merit. In total, Strawhorn's petition is denied with prejudice except for his Blakely/Booker claim, which is denied without prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: August 13, 2004